**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELVIN PYNE,                    : | |
|                                 : | Civil Action No. 07-0937 (WJM) |
|          Petitioner,    : | |
|                                 : | |
|          v.             : | **OPINION** |
|                                 : | |
| UNITED STATES DEPARTMENT OF     : | |
| HOMELAND SECURITY BUREAU OF     | |
| IMMIGRATION AND CUSTOMS         : | |
| ENFORCEMENT, et al.,            | |
|          Respondents.   : | |

**APPEARANCES:**

Petitioner pro se                    Counsel for Respondents
Kelvin Pyne                          Neil Rodgers Gallagher
Perry Correctional Center            Asst. U.S. Attorney
Uniontown, AL 36786                  970 Broad Street
                                     Suite 700
                                     Newark, NJ 07102

**MARTINI**, District Judge

   Petitioner Kelvin Pyne, a prisoner confined at Bergen County Jail in Hackensack, New Jersey, at the time he filed this Petition, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are the Warden of

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Bergen County Jail and the United States Department of Homeland Security Bureau of Immigration and Customs Enforcement.

Because it has become moot, this Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner is a citizen and native of Jamaica who arrived in the United States in 1991.  Thereafter, Petitioner was convicted of one or more drug offenses in New York under the name "Lincoln Burchell."  Petitioner disputes that he was the person convicted of those offenses.

Removal proceedings were instituted against Petitioner, in the name "Lincoln Burchell" when a Notice to Appear was filed against Petition on February 28, 2006.  Petitioner was taken into custody pursuant to the Notice to Appear on March 6, 2006.

Petitioner made several appearances before an Immigration Judge and denied that he was the person convicted in New York. On December 12, 2006, the Immigration Judge determined that Petitioner Kelvin Pyne was not "Lincoln Burchell."  The IJ determined that Lincoln Burchell was a lawful permanent resident with no criminal record.  Petitioner denied that he had ever used the name Lincoln Burchell.  Accordingly, the IJ asked the government to take a set of fingerprints from Petitioner.

On December 21, 2006, following a fingerprint check that reveal that Petitioner had committed the convictions attributed

2

to "Lincoln Burchell," the NTA against "Lincoln Burchell" was terminated and a new NTA was filed and served on Petitioner in the name of Kelvin Pyne.

On February 16, 2007, while the new proceedings were pending, Petitioner filed this Petition, asserting that his prolonged pre-removal order detention was unconstitutional. See Demore v. Kim, 538 U.S 510 (2003).

At a hearing before the IJ, Petitioner admitted one conviction for the possession of marijuana, on February 18, 1997, which was in the name of "Lincoln Burchell." Although Petitioner denied the other convictions, the IJ found, on the basis of the fingerprint evidence, that Petitioner had been convicted the four times set out in the NTA. On March 1, 2007, the IJ found Petitioner removable pursuant to 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and (a)(2)(C). Petitioner appealed the Removal Order to the Board of Immigration Appeals. On July 9, 2007, the BIA dismissed the appeal. Thus, on July 9, 2007, the Order of Removal became final. See 8 C.F.R. § 241.1 (2002).

## II. ANALYSIS

At the time he filed this Petition, Petitioner was detained pursuant to the pre-removal order detention provision, 8 U.S.C. § 1226(c).

Under 8 U.S.C. § 1226(c), the Attorney General is required to detain certain deportable aliens, including those who have

3

been convicted of an aggravated felony or of violating a state law relating to a controlled substance.  Although § 1226(c) does not provide for bail, an alien detained pursuant to § 1226(c) may move for a <u>Joseph</u> hearing to determine if he falls within the categories of aliens subject to mandatory detention.  <u>In re Joseph</u>, 22 I.&N. Dec. 799 (BIA 1999).[2]  In <u>Demore v. Kim</u>, 538 U.S. 510 (2003), the Supreme Court considered whether mandatory pre-removal-order detention under § 1226(c) violates due process.  In the case of an alien who conceded that he fell within the categories of deportable aliens subject to mandatory detention under § 1226(c), the Supreme Court found that detention of deportable criminal aliens pending their removal proceedings did not violate due process.  538 U.S. at 531.  The Court noted that such proceedings typically last only a few months and, in contrast to the potentially indefinite post-removal period detention rejected in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), pre-removal-order detention has a finite termination point.  538 U.S. at 529-530.[3]

---

[2] At the <u>Joseph</u> hearing, a detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the BICE is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention.  <u>See</u> 8 C.F.R. § 3.19(h)(2)(ii).

[3] In his concurrence, Justice Kennedy took the position that circumstances could arise in which long-term pre-removal-order detention might violate due process.  538 U.S. at 532-33 (Kennedy, J., concurring).

4

During the pendency of this matter, however, a final order of removal has been entered against Petitioner. Because a final order of removal has been entered, Petitioner is no longer detained pursuant to § 1226(c), which governs only detention <u>prior to</u> the entry of a final order of removal. Instead, Petitioner is now detained pursuant to 8 U.S.C. § 1231(a), which governs the detention and removal of an alien subject to a final order of removal. Section 1231(a)(2) requires the detention of such aliens during the 90-day removal period. Detention beyond the end of the 90-day removal period is governed by the constitutional principles set forth by the Supreme Court in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

Because Petitioner is no longer detained pursuant to § 1226(c), as he was at the time he filed this Petition, and because he has asserted no challenge to his post-removal order detention pursuant to § 1231(a)(2), the challenge to his pre-removal order detention has become moot. As there is no longer a live "case or controversy" regarding Petitioner's pre-removal order detention, <u>see</u> U.S. Constitution, Article III, this Petition must be dismissed. <u>See De La Teja v. United States</u>, 321 F.3d 1357, 1361-63 (11th Cir. 2003).[4]

---

[4] As noted by the Court of Appeals for the Eleventh Circuit in <u>De La Teja</u>, 321 F.3d at 1363, because Petitioner is now subject to a final order of removal, he will not be subject to pre-removal order detention in the future, so the narrow exception for cases that are capable of repetition yet evading

III.  <u>CONCLUSION</u>

    For the reasons set forth above, the Petition will be dismissed without prejudice as moot.  An appropriate order follows.

                                     s/William J. Martini

                                     <u>William J. Martini</u>
                                     United States District Judge

Dated: April 7, 2008

---

review can not apply here.